UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT SEAN EASLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civ. No. 4:10-cv-03734** |
| **V.** | § | |
| | § | |
| **FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

Pending before the Court are the Motions for Summary Judgment of Bank of America, N.A.'s ("BANA's Motion") (Doc. No. 24), Federal National Mortgage Association ("FNMA's Motion") (Doc. No. 23), and Brian Cormier ("Cormier's Motion") (Doc. No. 22). After considering the Motions, all responses and replies thereto, and the applicable law, the Court determines that they should be **GRANTED.**

### I. BACKGROUND[1]

This case involves the alleged foreclosure of Plaintiff Robert Sean Easley's ("Easley" or "Plaintiff") property. In 2010, Easley lost his job. As a consequence, Easley fell behind on his payments for his home mortgage. Easley applied for a Home Affordable Modification Program ("HAMP") loan modification, which was initially denied. Easley reapplied for a loan modification in May 2010. According to Easley, he contacted Bank of America, N.A. ("BANA") regarding the loan modification on a nearly daily basis, and was repeatedly informed that his house would not be foreclosed upon. While the second request for modification was under review, Easley received notification

---

[1] Except where otherwise indicated, the facts are undisputed.

that the loan was in default. In that notice, Easley was informed that the maturity of the loan would be accelerated if the debt was not cured within thirty days. Thereafter, Easley was notified that his house would be foreclosed upon on August 3, 2010.

Easley never received a letter from BANA informing him that his claim had been denied. When Easley called BANA in July to inquire about the status of his loan modification application, BANA stated that it had attempted to contact Easley repeatedly by his home phone. Easley insists that he had previously informed BANA that he could only be contacted via his cell phone or by email. In that telephone conversation, Easley was told that his claim had, in fact, been denied.

Easley further claims that his property was not actually foreclosed upon at the foreclosure sale on August 3. Indeed, Easley avers, his house was never announced for foreclosure. Easley allegedly even looked at the foreclosure list after the sale, and his home was not on the list. Afterward, Easley contends, he contacted BANA and was told that the foreclosure should have occurred. Easley then discovered that a trustee's deed had been recorded claiming a sale had taken place. BANA, Federal National Mortgage Association ("FNMA"), and B. Cormier ("Cormier") (hereafter, "Defendants") insist that the property was in fact sold for $336,900.00 on August 3. Easley believes, however, that the trustee fabricated and recorded a deed stating that a sale had taken place.

Easley filed this lawsuit in state court alleging intentional and negligent misrepresentation and wrongful foreclosure, and seeking declaratory judgment. Easley brought the lawsuit against BANA, FNMA, and Cormier, the alleged substitute trustee who conducted the foreclosure sale. The case was removed pursuant to this Court's diversity jurisdiction.

## II. LEGAL STANDARD

To grant summary judgment, the Court must find that the pleadings and evidence show that no genuine issue of material fact exists, and therefore the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment must demonstrate the absence of any genuine issue of material fact; however, the party need not negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1997). If the moving party meets this burden, the nonmoving party must then go beyond the pleadings to find specific facts showing there is a genuine issue for trial. *Id.* "A fact is material if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotations and footnote omitted).

Factual controversies should be resolved in favor of the nonmoving party. *Liquid Air Corp.*, 37 F.3d at 1075. However, "summary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* at 1076 (internal quotations omitted). Importantly, "[t]he nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence." *Diaz v. Superior Energy Services, LLC*, 341 Fed.Appx. 26, 28 (5th Cir. 2009) (citation omitted). The Court should not, in the absence of proof, assume that the nonmoving party could or would provide the necessary facts. *Liquid Air Corp.*, 37 F.3d at 1075. As the Supreme Court has noted, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a

court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. ANALYSIS

As a preliminary matter, the Court notes that, because intentional misrepresentation is not a claim under Texas law, the Court treats Easley's allegations of intentional misrepresentation as claims for fraud. The Court also points out that the additional allegations in Easley's Response to the Motions are not properly before the Court; therefore, the Court will not consider them here. *Gardner v. Management & Training Corp.*, Civ. No. 6:11cv145, 2011 WL 3444293, at *5 (E.D. Tex. June 20, 2011); *De Francheschi v. BAC Home Loans Servicing, LP*, Civ. No. 3:09-CV-1667-K, 2011 WL 1456849, at *4 (N.D. Tex. April 14, 2011) (citing *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F.Supp.2d 704, 720 (S.D. Tex. 2000); *Kornman v. U.S.*, Nos. 3:06-CV-0571-D, 3:06-CV-0572-D, 4:06-CV-0573-D, 3:06-0574-D, 2010 WL 905109, at *3 n.13 (N.D .Tex. March 12, 2010); *Jacobs v. Tapscott*, No. 3:04-CV-1968-D, 2006 WL 2728827 (N.D. Tex. Sept. 25, 2006)); *Linthicum v. Dallas County*, No. 3–09–CV–1997–M–BD, 2011 WL 2006305, at *1 n.1 (N.D. Tex. March 8, 2011) (citing *US ex rel. Gudur v. Deloitte Consulting LLP*, 512 F.Supp.2d 920, 95 (S.D. Tex. 2007), *aff'd*, No. 07-20414, 2008 WL 3244000 (5th Cir. Aug. 7, 2008)). The Court will examine each Motion in turn. Ultimately, the Court concludes that there is no genuine issue of material fact as to any of Easley's claims.

### A. Bank of America's Motion for Summary Judgment

Easley alleges BANA negligently misrepresented and/or concealed facts related to the property and the loan. The alleged misrepresentations and concealments include:

4

a. That the individuals that were called at BAC were actual employees of BAC with authority to act for and bind the holder of the alleged indebtedness;

b. It was concealed and later discovered that some of the individuals were outsourced information gatherers that were not authorized or qualified to make decisions resulting in confusing and unnecessary delay;

c. That a foreclosure sale would not take place until the modification had been denied in writing;

d. That Easley's home was not on the list of homes to be foreclosed;

e. That Easley's home had not been sold on August 3, 2010;

f. That the contact information of the trustee was concealed and continues to be concealed from the grantor of the deed of trust; and

g. Upon information and belief, the trustee was the individual that told Easley at the sale that Easley's property was not on the list of property to be foreclosed at the sale.

(Pl.'s Orig. Compl. ¶ 19.) To prevail on a negligent misrepresentation claim, a plaintiff must show (1) a representation was made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Bever Properties, L.L.C. v. Jerry Huffman Custom Builder, L.L.C.*, No. 05–10–00323–CV, 2011 WL 5557531, at *8 (Tex.App.-Dallas Nov. 16, 2011) (*citing McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999)).

First, Easley has not offered any evidence to support his claim of negligent misrepresentation based on the fact that he thought the individuals he called at BANA were employees with authority to act for and bind the holder of the alleged indebtedness. The record provides no evidence that BANA supplied false information; that BANA did not exercise reasonable care or competence in communicating information; or that Easley

suffered a pecuniary consequence. This also holds true for Easley's claim that some of the individuals were outsourced information gatherers who could not make decisions. Easley offers no evidence that BANA made a misrepresentation, that any misrepresentation resulted because of exercise reasonable care or competence by BANA, or that the consequences amounted to more than "confusing and unnecessary delay."

Second, there is no genuine issue of material fact as to Easley's claim that BANA negligently misrepresented that a foreclosure sale would not take place until the modification had been denied in writing. "A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex.-App.-Tyler 2005, pet. denied). Furthermore, the evidence shows that Easley received notification on two different occasions that his property was scheduled for sale. (Orig. Pet. ¶ 11; Ex. 9 to Doc. No. 24, Easley Aff. ¶ 4.) As a consequence, Easley could not have justifiably relied on the misrepresentation. Additionally, Easley presents no evidence that any such representation was made without reasonable care or competence, or that Easley suffered pecuniary consequences.

Third, Easley offers no evidence, beyond his own affidavit, that his house was not on the list of homes to be foreclosed. The Court finds that Easley's version of the facts "is blatantly contradicted by the record"; therefore, the Court declines to adopt them for the purposes of ruling on the BANA's Motion. *Scott*, 550 U.S. at 380. It is unlikely, given the evidence that Easley's property *was* in fact foreclosed upon on August 3, that Easley's home was absent from the list. Even if it were on the list, Easley does not provide facts to

show that BANA did not exercise reasonable care, or that Easley suffered pecuniary loss as a consequence of justifiably relying on the misrepresentations.

Fourth, Easley claims that BANA represented to him that his home had not been sold on August 3. Easley offers no facts to support this contention beyond his own affidavit. Indeed, the rest of the record suggests that BANA repeatedly informed Easley that the foreclosure sale would occur, and did occur, on August 3. Specifically, BANA offers a copy of the Substitute Trustees Deed and an audio recording confirming that the foreclosure sale took place. (Ex. 1-B to Doc. No. 24, Audio Recording of Aug. 3 Foreclosure Sale; Ex. 8 to Doc. No. 24, Substitute Trustee's Deed.) As Easley's version of the facts is blatantly contradicted by the rest of the record, the Court finds that he has not created a genuine issue of material fact that BANA represented to him that his home was not sold on August 3. Even if this representation did occur, Easley presents no evidence that the representation was made without reasonable care or competence, or that Easley suffered pecuniary harm.

Fifth, Easley claims negligent misrepresentation based on the fact that the trustee's contact information was concealed. Easley offers no evidence that BANA supplied false information, did not exercise reasonable care or competence, or that Easley suffered pecuniary loss as a consequence.

Sixth, Easley argues that the trustee told him that his property was not on the list to be sold. Yet again, Easley offers no evidence to support this negligent misrepresentation claim. Indeed, the evidence demonstrates that a sale did in fact occur and that the sale was orally announced. (Ex. 1-B to Doc. No. 24, Audio Recording of Aug. 3 Foreclosure Sale.) Easley's allegations are blatantly contradicted by the record; as

such, the Court declines adopt Easley's characterization of the facts. *Scott*, 550 U.S. at 380. Even if the trustee did make this misrepresentation, the record offers no evidence that the representation was made without reasonable care or competence, or that Easley suffered pecuniary harm as a result. The Court therefore finds that there is no genuine issue of material fact as to Easley's claim of negligent misrepresentation.

Easley also contends that BANA committed fraud. To establish fraud, Easley "bears the burden to prove the existence of the following: a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of the truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925, 929-30 (Tex. 1996) (quotations omitted). Easley has only presented a scintilla of evidence to support his claim that BANA made a material misrepresentation. Furthermore, there is no evidence to support the remaining prongs needed for a fraud claim. In other words, Easley provides no facts suggesting the alleged misrepresentation was known to be false or was asserted without knowledge of the truth and with the intent that it be acted upon. Therefore, BANA is entitled to summary judgment on Easley's fraud claim.

Finally, Easley asserts that the foreclosure violated HAMP. As there is no private cause of action under HAMP, Easley's HAMP claim fails. *Cade v. BAC Home Loans Servicing, LP*, No. H–10–4224, 2011 WL 2470733, at *2-3 (S.D. Tex. June 20, 2011); *see also Mortberg v. Litton Loan Servicing, L.P.*, No. 4:10-CV-667, 2011 WL 4421946 (E.D. Tex. Aug. 30, 2011) (dismissing plaintiff's claims for negligence because no private right of action for borrowers exists under HAMP); *Cade v. BAC HomeLoans*

*Serv., LP*, No. H-10-4224, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011) (declining to find a private right of action under HAMP and observing that the majority of courts have "declined to find a private right, and further rejected the theory that borrowers are intended third-party beneficiaries of the HAMP Servicer Participation Agreement"); *Akintunji v. Chase Home Finance L.L.C.*, No. H-11-389, 2011 WL 2470709, at *4 (S.D. Tex. June 20, 2011) ("There is no private cause of action under HAMP."); *Singh v. Wells Fargo Bank*, No. 1:10-CV-1659 AWI SMS, 2011 WL 66167, at *7 (E.D. Cal. Jan. 7, 2011) ("[I]t is well established that there is no private cause of action under HAMP."); *Hart v. Countrywide Home Loans, Inc.*, 735 F.Supp.2d 741, 748 (E.D. Mich. 2010) (noting that there is no express or implied right to sue fund recipients under HAMP because HAMP does not create a private right of action); *Zeller v. Aurora Loan Servs., LLC*, No. 3:10cv00044, 2010 WL 3219134, at *1 (W.D. Va. Aug. 10, 2010) (determining that HAMP does not create a private right of action for a borrower to recover for an alleged breach of a loan modification); *Wright v. Bank of Am., N.A.*, No. CV10-01723 JF (HRL), 2010 WL 2889117, at *4 (N.D. Cal. July 22, 2010) (stating that it is "obvious that [HAMP] does not secure an enforceable right for [borrowers]"); *Hoffman v. Bank of Am., N.A.*, No. C10-2171 SI, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010) ("Lenders are not required to make loan modifications for borrowers that qualify under HAMP nor does the servicer's agreement confer an enforceable right on the borrower."); *Simon v. Bank of Am., N.A.*, No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *10 (D. Nev. June 23, 2010) ("Other courts have consistently held that the [HAMP] does not provide borrowers with a private cause of action against lenders."); *Marks v. Bank of Am., N.A.*, No. 03:10-cv-08039-PHX-JAT, 2010 WL 2572988, at *4 (D. Ariz. June 22, 2010) ("Allowing such

a large number of potential plaintiffs [by conferring third-party beneficiary status under HAMP] clearly contravenes the purpose of the HAMP as an administrative tool to effectuate the goals of the EESA."). Therefore, the Court concludes that BANA is entitled to summary judgment as to all of Easley's claims against it.

### B. Federal National Mortgage Association's Motion for Summary Judgment

FNMA alleges that there is not a genuine issue of material fact as to any of Easley's claims against it. The Court agrees. There is no evidence that FNMA, as the purchaser of the property at the foreclosure sale, made any representations to Easley or that Easley was harmed by any alleged representations. As explained above, there is no private cause of action under HAMP. Nor is there evidence that FNMA, as the purchaser of the property, could have possibly violated HAMP. Therefore, summary judgment is proper on Easley's claims against FNMA for negligent misrepresentation, fraud, and violations of HAMP.

### C. Brian Cormier's Motion for Summary Judgment

Easley claims that Cormier, the substitute trustee, represented to him that his home was not on the list of homes to be foreclosed; represented that the home was not sold; and recorded a fabricated deed stating that the sale had taken place. Cormier insists that, in fact, he never told Easley that his home was not on the list to be foreclosed, or was not sold. Indeed, Cormier alleges that he solicited bids on the property and sold it. (Ex. 1 to Doc. No. 22, Cormier Aff. ¶ 4.) In addition to his own affidavit, Cormier points to an audio recording from the proceeding when the property was foreclosed. (Ex. 4-A to Doc. No. 22, Audio Recording of Foreclosure Sale; Ex. 5-A to Doc. No. 22, Transcript of Audio Recording of Foreclosure Sale.) Given that Easley's critical evidence is "so weak

or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant," summary judgment as to Easley's claims against Cormier is appropriate. *Liquid Air Corp.*, 37 F.3d at 1076.

### D. Request for Declaratory Relief

Easley also requests declaratory relief. Importantly, "[t]he Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy." *Fankhauser v. Fannie Mae*, No. 4:10cv274, 2011 WL 5600295, at *10 (E.D. Tex. Oct. 24, 2011) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984)). Easley has offered no evidence to create a genuine issue of material fact that a present controversy exists between him and Defendants. Therefore, Defendants are entitled to summary judgment as to Easley's claim for declaratory relief. *Val-Com Acquisitions Trust v. Chase Home Finance, L.L.C.*, 434 Fed.Appx. 395, 395 (5th Cir. 2011) (unpublished) ("Such a declaration [under the Declaratory Judgment Act] may issue only to resolve an actual controversy between the parties."); *Bejjani v. Wilmington Trust Co.*, Civ. Action No. H-10-2727, 2011 WL 3667569, at *6 (S.D. Tex. Aug. 22, 2011) ("Because the plaintiff cannot prevail on any other claim against the defendants, his request for injunctive relief fails as a matter of law."); *Val-Com Acquisitions Trust v. Wells Fargo Bank*, No. 4:10-CV-449-A, 2010 WL 4026822, at *4 (N.D. Tex. Oct. 6, 2010).

### IV. CONCLUION

For the above stated reasons, Defendants are entitled to summary judgment. The Court hereby **GRANTS** Bank of America, N.A.'s Motion for Summary Judgment (Doc.

No. 24), Federal National Mortgage Association's Motion for Summary Judgment (Doc.

No. 23), and Brian Cormier's Motion for Summary Judgment (Doc. No. 22).

      **IT IS SO ORDERED.**

      **SIGNED** at Houston, Texas on this the 30th day of November, 2011.

 

**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**